**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Milo McCormick Stanley,<br><br>    Petitioner,<br><br>v.<br><br>Dora Schriro, et al.,[1]<br><br>    Respondents. | No. CV-98-0430-PHX-MHM<br><br><u>DEATH PENALTY CASE</u><br><br><br>**ORDER RE: CERTIFICATE OF APPEALABILITY** |

      The Court has denied Petitioner Milo McCormick Stanley's petition for a writ of habeas corpus. In the event Petitioner appeals from this Court's judgment, in the interests of conserving scarce Criminal Justice Act funds that might be consumed drafting an application for a certificate of appealability to this Court, the Court on its own initiative has evaluated the claims within the petition for suitability for the issuance of a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c); <u>Turner v. Calderon</u>, 281 F.3d 851, 864-65 (9th Cir. 2002).

      Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a certificate of appealability ("COA") or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has

---

[1] Dora Schriro, Director of the Arizona Department of Corrections, is substituted pursuant to Fed. R. Civ. P. 25(d)(1).

1 made a substantial showing of the denial of a constitutional right." This showing can be
2 established by demonstrating that "reasonable jurists could debate whether (or, for that
3 matter, agree that) the petition should have been resolved in a different manner" or that the
4 issues were "adequate to deserve encouragement to proceed further." Slack v. McDaniel,
5 529 U.S. 473, 484 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). For
6 procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the
7 petition states a valid claim of the denial of a constitutional right, and (2) whether the court's
8 procedural ruling was correct. Id.

The Court finds that reasonable jurists could debate its resolution of the issues set forth in Claims 1 and 2. The Court therefore grants a certificate of appealability as to these issues. For the reasons stated in the Court's Memorandum of Decision and Order filed simultaneously on this date, as well as the Order regarding the procedural status of Petitioner's claims filed on July 31, 2000 (dkt. 43), the Court declines to issue a certificate of appealability for Petitioner's remaining claims and procedural issues.

Based on the foregoing,

**IT IS HEREBY ORDERED** that the Court grants a Certificate of Appealability as to the following issues:

> Whether Claim 1, alleging that the continued interrogation of Petitioner after he had invoked his Miranda rights, and the trial court's admission of his statements, violated Petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments, fails on the merits;

> Whether Claim 2, alleging that Petitioner's right to effective assistance of counsel under the Sixth and Fourteenth Amendments was violated by trial counsel's failure to investigate and present a defense based on the absence of premeditation, fails on the merits.

DATED this 27th day of September, 2006.

_____
Mary H. Murguia
United States District Judge