**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Milo McCormick Stanley,            ) | No. CV-98-430-PHX-MHM |
|                                    ) | |
|          Petitioner,               ) | DEATH PENALTY CASE |
|                                    ) | |
| v.                                 ) | |
|                                    ) | |
|                                    ) | **ORDER** |
| Dora Schriro, et al.,              ) | |
|                                    ) | |
|          Respondents.              ) | |
|                                    ) | |

Pending before the Court are Petitioner's Motion to Alter or Amend Judgment and Motion to Certify Additional Claim. (Dkts. 70, 75.) In an Order dated September 29, 2006, the Court denied Petitioner's amended habeas corpus petition. (Dkts. 67, 69.) The Court simultaneously issued a Certificate of Appealability ("COA") with respect to Claims 1 and 2. (Dkt. 68.) In the present motions, Petitioner challenges the Court's resolution of Claims 5 and 6, seeking various forms of relief, including reversing its denial of the claims, granting an evidentiary hearing, or expanding the COA. For the reasons set forth below, the Court concludes that Petitioner is not entitled to relief.

Petitioner requests that the Court alter or amend its order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. A motion under Rule 59(e) is in essence a motion for reconsideration. Motions for reconsideration are disfavored and appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th

Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is not a forum for the moving party to make new arguments not raised in its original briefs, *Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 925-926 (9th Cir. 1988), nor is it the time to ask the court to "rethink what it has already thought through," *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (quotation omitted).

In support of his motion, Petitioner has neither presented new evidence nor cited an intervening change in the law. Instead, he repeats the arguments that the Court has already considered and rejected. Because the gravamen of Petitioner's arguments is simply a demand that the Court rethink decisions it has already made, the motion must be denied.

In Claim 5, Petitioner alleged that counsel was ineffective for failing to call any of the mental health experts as witnesses at the sentencing stage of trial and for failing to argue that the reports prepared by those experts, which discussed Petitioner's intoxication-based impairment at the time of the offense, established the existence of a statutory mitigating circumstance under the "insufficient capacity" mitigating factor set forth in A.R.S. § 13-703(G)(1). Applying both the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and the deferential review prescribed by the AEDPA, this Court determined that the trial court's decision rejecting this aspect of Petitioner's ineffective assistance claim was not an unreasonable application of clearly established federal law under 28 U.S.C. § 2254(d)(1). The Court also found that the Arizona Supreme Court, in its independent review of Petitioner's death sentence, correctly applied its own law and considered the entirety of the mitigation evidence present in the record.

Underlying the Court's conclusion that Petitioner was not entitled to relief on this claim was the fact that defense counsel had placed before the trial court all of the evidence regarding Petitioner's mental state, including the expert opinions on Petitioner's level of intoxication at the time of the murders. *See, e.g.*, *Bell v. Cone*, 535 U.S. 685 (2002). The

fact that some of the evidence was presented during the guilt stage of the trial rather than at the presentence hearing did not support a finding that counsel's performance was ineffective, *id.*, particularly when the judge specifically indicated that in considering the existence of mitigating circumstances he reviewed the entire record, including the information relevant to the (G)(1) factor. Therefore, under *Cone*, trial counsel's sentencing-stage performance was neither deficient nor prejudicial, and the decision of the state court rejecting Petitioner's ineffective-assistance claim was not an unreasonable application of *Strickland*. Nothing in Petitioner's renewed arguments causes the Court to alter its analysis.

Based upon the clear precedent cited above, the Court again concludes that reasonable jurists could not debate its resolution of the claim.[1] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). The Court therefore denies Petitioner's motion to amend the Certificate of Appealability to add Claim 5.

In Claim 6, Petitioner alleged that the trial court and the Arizona Supreme Court failed to give proper weight to the opinions of the mental health experts in support of the (G)(1) mitigating circumstance and failed to consider evidence of Petitioner's impairment as a nonstatutory mitigating circumstance in violation of *Lockett v. Ohio*, 438 U.S. 586 (1978), and in *Eddings v. Oklahoma*, 455 U.S. 104 (1982). As detailed in the Court's Memorandum of Decision and Order, a review of the decisions of the trial court and the Arizona Supreme Court, coupled with the application of the appropriate principles of habeas review, *see, e.g.*, *Jeffers v. Lewis*, 38 F.3d 411, 418 (9th Cir. 1994); *Moormann v. Schriro*, 426 F.3d 1044, 1055 (9th Cir. 2005), refutes Petitioner's argument that the state courts' assessment of relevant mitigation evidence entitles him to relief. Moreover, contrary to Petitioner's assertion, the fact that one Justice dissented from the decision of the Arizona Supreme Court

---

[1] As noted above, the Court, has already issued a COA with respect to two of Petitioner's claims. In doing so, the Court "evaluated the claims within the petition for suitability for the issuance of a certificate of appealability" pursuant to the standard set forth in *Slack* and *Barefoot*. (Dkt. 68.)

does not indicate that reasonable jurists could debate this Court's resolution of the merits of Petitioner's claim on federal habeas review, such that the issue is suitable for a Certificate of Appealability.

Accordingly,

**IT IS HEREBY ORDERED** denying Petitioner's Motion to Alter or Amend Judgment (Dkt. 70) and Motion to Certify Additional Claims (Dkt. 75).

DATED this 16th day of November, 2006.

_____
Mary H. Murguia
United States District Judge