**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Milo McCormick Stanley,<br><br>  Petitioner,<br><br>vs.<br><br>Charles Ryan, Director of the Arizona Department of Corrections<br><br>  Respondent. | No. CV-98-00430-PHX-NVW<br><br><u>DEATH PENALTY CASE</u><br><br>**ORDER** |

On October 5, 2010, the mandate of the United States Court of Appeals for the Ninth Circuit issued, remanding this case for an evidentiary hearing on Petitioner Milo McCormick Stanley's claim of ineffective assistance during the sentencing phase. (Doc. 89-1 at 24.)

As the Court of Appeals explained:

> To establish a violation of his Sixth Amendment right to effective assistance of counsel, Stanley must show that (1) counsel's performance fell below an "objective standard of reasonableness" and (2) he was prejudiced by this deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

(Doc. 89-1 at 12.) With respect to the sentencing phase of trial, the panel majority found that Stanley had made a prima facie case of ineffective assistance of counsel because trial counsel did not provide to the mental health experts who evaluated Stanley notes from jail psychiatrist Dr. Hammitt's interview of Stanley, "[b]oth defense experts agreed that the

information regarding Stanley's apparent dissociative state would have completely changed their testimony in Stanley's favor," and "if proved, Stanley's allegation would establish that he was prejudiced by trial counsel's failure to investigate and develop a mitigation case based on the Hammitt interview." (*Id.* at 8, 16, 21, 23.) The Court of Appeals concluded, therefore, the district court abused its discretion in denying Stanley's petition for habeas relief without an evidentiary hearing. (*Id.* at 23.) The Court of Appeals further explained: "All this decision does is give Stanley the opportunity to establish whether his counsel's failure to fully inform the defense mental health experts undermines confidence in the sentence of death imposed." (Doc. 89-1 at 19.)

A Scheduling Conference is set for 10:00 a.m., February 17, 2011. In preparation for the Scheduling Conference,

IT IS ORDERED that the parties are directed to meet and confer by **February 4, 2011**, to develop a joint proposed plan which contains the following information:

1. The parties who attended the case planning meeting and assisted in developing the plan;

2. Specific issues to be decided on remand;

3. Contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705);

4. Necessary discovery;

5. Proposed specific dates for each of the following:

    a. Completion of fact discovery[1] and disclosure pursuant to Rule 26(a)(3);

    b. Complete disclosures of expert testimony under Rule 26(a)(2) of the Federal Rules of Civil Procedure;

    c. A deadline for completion of all expert depositions;

---

[1] The discovery deadline is the date by which all discovery must be completed. Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by this deadline, including time to resolve discovery disputes.

- 2 -

1    6.    Estimated length of the evidentiary hearing; and

2    IT IS FURTHER ORDERED that the parties file their joint proposed plan by **February 11, 2011**.

IT IS FURTHER ORDERED that Court-appointed counsel shall file ex parte and under seal a recommended budget by **February 11, 2011**.

IT IS FURTHER ORDERED that the Clerk shall amend the Court's docket to show that Charles Ryan, Director of the Arizona Department of Corrections, is substituted for Dora B. Schriro, Director of the Arizona Department of Corrections, pursuant to Fed. R. Civ. P. 25(d).

DATED this 20th day of January, 2011.

_____
Neil V. Wake
United States District Judge