**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Milo McCormick Stanley, | No. CV-98-0430-PHX-GMS |
| Petitioner, | DEATH PENALTY CASE |
| vs. | |
| | **ORDER** |
| Charles L. Ryan, et al., | |
| Respondents. | |

This capital habeas case is on remand from the Ninth Circuit Court of Appeals for an evidentiary hearing scheduled for September 7th and 8th, 2011, to address an allegation of ineffective assistance of counsel ("IAC") at sentencing. In accord with the remand instructions, prior Orders of the Court reiterated the scope of the hearing as evaluating the effect of trial counsel's failure, prior to sentencing, to provide the mental health experts with notes from Jail Psychiatrist Karleen Hammitt, who had interviewed Petitioner immediately following his arrest. (*See, e.g.,* Doc 93 at 1-2.) By prior Order, in order to prepare for the hearing, pursuant to Rule 6(a), 28 U.S.C. foll. § 2254, the Court indicated that good cause existed for the discovery depositions of Dr. Paul Bindleglass, Dr. Leonardo Garcia-Bunuel, Dr. Joseph Stewart, Dr. Dean Gerstenberger, Dr. Karleen Hammitt, and trial investigator Art Hanratty. (Doc. 101 at 1-2.)

Subsequently, Petitioner noticed the June 2, 2011, discovery deposition of Attorney Tim Ford, and an intent to call him as an IAC expert witness at the evidentiary hearing.

1  (Docs. 102, 103.) Respondents object to Petitioner's use of an IAC expert witness. (Doc.
2  105.) In his reply, Petitioner contends that Mr. Ford's testimony will assist the Court on the
3  standard of Arizona capital defense practice at the time of trial. (Doc. 106.)

4  As the Court has already reiterated, the scope of the evidentiary hearing will not
5  include a probing of all the decisions deceased trial counsel made at sentencing and his
6  reasons for making those decisions. Both the Ninth Circuit's remand instructions and
7  previous Orders of this Court have set forth the limited factual scope of the hearing, that is,
8  the failure of trial counsel to provide Dr. Hammitt's notes to the medical experts, and
9  whether such performance was both deficient and prejudicial to Petitioner at sentencing.
10  However, the Court will allow Mr. Ford to testify, but his testimony will be limited to how
11  Petitioner suffered IAC prejudice at sentencing. *See, e.g., Nationwide Transport Finance v.*
12  *Cass Information Sys.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (discussing the limitations of
13  expert testimony). The Court authorizes the discovery deposition of Mr. Ford as scheduled.

14  Next, the Court believes that an intervening United States Supreme Court opinion is
15  relevant to further litigation of this case. The Supreme Court recently issued *Cullen v.*
16  *Pinholster*, 131 S. Ct. 1388 (2011), a death penalty sentencing case which discusses habeas
17  review under the AEDPA, § 2254(d)(1). The claim at issue in *Pinholster* was IAC at
18  sentencing, where counsel allegedly failed to adequately investigate and present available
19  mitigation. In reviewing the applicable state court decision, the Supreme Court held that
20  AEDPA review under § 2254(d)(1) is limited to the evidentiary record before the state court,
21  *id.* at 1398, and consequently habeas review does not include new evidence that was
22  developed at a federal evidentiary hearing. *Id.* at 1400 ("Today, we . . . hold that evidence
23  introduced in federal court has no bearing on § 2254(d)(1) review.").

24  At this juncture, the Court requires supplemental briefing on the effect of *Pinholster*
25  to this case. In particular, the Court asks the parties to address the appropriate habeas review
26  of the remaining IAC issue in this case, and the relevance of evidence to be developed at the
27  upcoming federal evidentiary hearing where such evidence was not reviewed by the state
28  court.

Accordingly,

**IT IS HEREBY ORDERED** that Respondents' objection to the expert testimony of Attorney Tim Ford at the evidentiary hearing is **DENIED**. (Doc. 105.) As limited by the terms of this Order, the Court authorizes Mr. Ford to testify as an expert on behalf of Petitioner at the evidentiary hearing. The discovery deposition of Mr. Ford set for June 2, 2011, may go forward as scheduled.

**IT IS FURTHER ORDERED** scheduling supplemental briefing on the effect of *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011) on this case. Within fifteen (15) days of this Order, Petitioner shall brief the appropriate habeas review of the remaining IAC issue in this case, and the relevance of evidence to be developed at the upcoming federal evidentiary hearing that was not before the state court. Respondents shall have fifteen (15) days to respond and Petitioner shall have ten (10) days to reply.

DATED this 27th day of May, 2011.

G. Murray Snow
United States District Judge