**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Milo McCormick Stanley, | No. CV-98-0430-PHX-GMS |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| vs. | **ORDER** |
| Charles L. Ryan, et al., | |
| Respondents. | |

On September 29, 2006, the Court determined that Petitioner was not entitled to habeas corpus relief under 28 U.S.C. § 2254. (Doc. 67.) On appeal, the Ninth Circuit Court of Appeals determined that Petitioner was entitled to an evidentiary hearing on his claim alleging ineffectiveness from sentencing counsel's failure to provide defense mental health experts with evidence of Defendant's mental state from jail psychiatrist Dr. Karleen Hammitt's observations that might have provided relevant mitigation at sentencing. *Stanley v. Ryan*, 598 F.3d 612 (9th Cir. 2010). On February 17, 2011, this Court scheduled an evidentiary hearing for September 7-8, 2011, and the parties undertook discovery and other pre-hearing preparation. Subsequently, the United States Supreme Court issued an opinion in *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), which addressed the limitations of habeas review under 28 U.S.C. § 2254(d)(1), and this Court ordered supplemental briefing. (Doc. 108.) The parties filed briefs concerning the impact of *Pinholster*, and Respondents filed a motion to vacate the impending evidentiary hearing. (Docs. 111-13, 116.) After review of

the filings, the Court informally notified the parties that it intended to vacate the evidentiary hearing and that an order explaining the Court's decision would follow.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner is not entitled to habeas relief on any claim "adjudicated on the merits" by a state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  In *Pinholster*, the Court held that in determining the reasonableness of a state court's ruling under § 2254(d)(1), federal courts are "limited to the record that was before the state court that adjudicated the claim on the merits."  131 S. Ct. at 1398.

In its Order determining that Petitioner was not entitled to habeas relief on his claim of ineffectiveness relating to the jail psychiatrist's interview and observations of the Defendant, this Court found that the state court's adjudication of the issue was not based on an objectively unreasonable application of law under § 2254(d)(1):

> Contrary to Petitioner's argument, the PCR court did not "fail[] to consider the circumstances surrounding counsel's so-called tactical decision" to exclude Dr. Hammitt's testimony.  (Doc. 52 at 32.)  Petitioner's argument is premised on the significance of trial counsel's failure to disclose to Drs. Bindelglas and Garcia-Bunuel Petitioner's statement to Dr. Hammitt regarding his reported sensation of watching himself carry out the shootings, which these doctors indicated would have provided support for a diagnosis of dissociative reaction.  However, as the PCR court noted, Dr. Hammitt herself, to whom the crucial statement was made on the morning after Petitioner's arrest, did not conclude that Petitioner exhibited symptoms of psychosis or that his feeling of watching himself commit the crimes was the product of anything more than intoxication and shock.  (Doc. 53, Ex. 9 at 25, 31.)  In denying relief, the PCR court explicitly addressed the rationale underlying trial counsel's decision to assert the physician-patient privilege, finding that the Hammitt information could have compromised the claim that Petitioner experienced a dissociative reaction and thereby undermined the insanity defense.  (M.E. 5/19/97 at 7.)
>
> . . . .
>
> Petitioner has not shown that the PCR court applied <u>Strickland</u> in an objectively unreasonable manner when it rejected Petitioner's challenge to counsel's handling of the Hammitt interview.

(Doc. 67 at 33-35; *see also id.* at 40 n.13.)  Although Petitioner did not request a hearing to

1   present new evidence in support of his habeas claims, the Court nonetheless also determined

2   that an evidentiary hearing was not warranted. (*Id.* at 49.)

3        In the Ninth Circuit's decision remanding this case for a hearing, the two-judge

4   majority concluded that Petitioner had presented a "colorable" claim to the state court and

5   that "the district court [had] abused its discretion in denying his petition without an

6   evidentiary hearing." *598 F.3d* at 626. The majority further found that an evidentiary

7   hearing was not barred by 28 U.S.C. § 2254(e)(2) because Petitioner had not "failed to

8   develop" the factual basis of his claim in state court in view of the fact the state court denied

9   his claim without holding a hearing. *Id.*[1] This mandate to further develop the factual record

10  beyond what was presented to the state court, however, runs contrary to the limits

11  subsequently set forth by the Supreme Court in *Pinholster.*

12       Although this Court is bound by decisions from the Ninth Circuit Court of Appeals,

13  where "intervening Supreme Court authority is clearly irreconcilable with . . . prior circuit

14  authority," "'district courts should consider themselves bound by the intervening higher

15  authority and reject the prior opinion of [the Ninth Circuit] as having been effectively

16  overruled.'" *Day v. Apolonia*, 496 F.3d 1027, 1031 (9th Cir. 2007) (quoting *Miller v.

17  Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Thus, with respect, it appears to this

18  Court that the intervening *Pinholster* decision has abrogated the need for an evidentiary

19  hearing in this matter.

20       Accordingly,

21       **IT IS HEREBY ORDERED** that Respondents' motion to vacate the federal

22

23       [1]Petitioner alleges that in its remand order the Ninth Circuit determined that the state

24  court's adjudication of the claim was objectively unreasonable under 28 U.S.C. § 2254(d).
    This assertion is without merit. As the Ninth Circuit noted in its opinion, "it is important to
    keep in mind that our decision in no way affects Stanley's conviction, and it may not affect

25  his sentence. All this decision does is give Stanley the opportunity to establish whether his

26  counsel's failure to fully inform the defense mental health experts undermines confidence
    in the sentence of death imposed." 598 F.3d at 623. Because this Court has already

27  determined that the state court's determination was not objectively unreasonable, it need not

28  hold a subsequent evidentiary hearing to reconsider the issue.

1  evidentiary hearing scheduled for September 7 and 8, 2011, is **GRANTED**.  (Doc. 116.)

2  Petitioner's motions to schedule the testimony of Dr. Garcia-Bunuel and Barbara Spencer

3  are **DENIED** as moot.  (Docs. 121, 122.)

4       **IT IS FURTHER ORDERED** vacating the August 30, 2011, pre-hearing status

5  conference.

6       **IT IS FURTHER ORDERED** that Petitioner's claim of ineffective assistance of

7  counsel based on sentencing counsel's failure to provide defense mental health experts with

8  evidence that might have been used in mitigation at sentencing, raised as part of Claim 5 in

9  Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 33), is **DENIED WITH**

10 **PREJUDICE**.  The Clerk of Court shall enter judgment accordingly.

11      **IT IS FURTHER ORDERED** granting a Certificate of Appealability on the

12 following issue:

13      Whether a subpart of Claim 5, alleging that Petitioner's right to effective
        assistance of counsel under the Sixth and Fourteenth Amendments was

14      violated by sentencing counsel's failure to provide defense mental health
        experts with evidence that would have provided mitigation at sentencing, fails

15      on the merits.

16      DATED this 25th day of August, 2011.

17

18

19                    G. Murray Snow
                      United States District Judge

20

21

22

23

24

25

26

27

28