**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Milo McCormick Stanley,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-98-0430-PHX-GMS<br><br><u>DEATH PENALTY CASE</u><br><br>**ORDER** |

    Pending before the Court is Respondents' motion for reconsideration and to strike. (Doc. 139.) Respondents request that the Court reconsider its order allowing Petitioner to file certain depositions, deposition exhibits, an interview transcript, and a video deposition after judgment was entered in this case. (*Id.*) Respondents also move to strike from the record the written transcript and video deposition of Dr. Paul Bindelglas, which was filed with the Court prior to judgment. (*Id.*) Pursuant to the Court's order, Petitioner has filed a response. (Docs. 141, 143-44.)

    The Ninth Circuit Court of Appeals remanded this case for an evidentiary hearing on Petitioner's claim of ineffective assistance of counsel arising from sentencing counsel's failure to provide mental health experts with notes from a post-arrest interview of Petitioner by jail psychiatrist, Dr. Karleen Hammitt. (Doc. 89.) The Court scheduled an evidentiary hearing for September 7-8, 2011, and the parties undertook discovery and other pre-hearing preparation. In anticipation of the hearing, Petitioner filed the transcript of the deposition of

his mental health expert, Dr. Paul Bindelglas, who resides in Israel and would have been unable to attend the scheduled hearing. (Doc. 118.) The Court also permitted Petitioner to file the video recording of the Bindelglas deposition. (Doc. 119, 131.)

Prior to the commencement of the hearing, the United States Supreme Court decided *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). In *Pinholster*, the Court held that in determining the reasonableness of a state court's ruling under § 2254(d)(1), federal courts are "limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* at 1398. Based upon the holding of *Pinholster*, the Court granted Respondents' motion to vacate the evidentiary hearing and entered judgment. (Docs. 116, 134, 135.) Petitioner then moved, and the Court granted before Respondents had an opportunity to respond, the filing of additional discovery materials Petitioner had obtained in anticipation of the evidentiary hearing. (Docs. 136-38, 140.) Respondents then filed the instant motion. (Doc. 139.)

With regard to Respondents' motion for reconsideration, Fed. R. Civ. P. 5(d)(1) controls the issue presented and requires that the Court reconsider its ruling granting Petitioner permission to file discovery materials in this case. *See* Rule 12, 28 U.S.C. § foll. 2254 (governing applicability of the Federal Rules of Civil Procedure to habeas proceedings). Rule 5(d)(1) specifically states that discovery requests and responses "not be filed until they are used in the proceeding or the court orders filing." *Id.* Although this Court and the parties anticipated that discovery materials would be admitted at the evidentiary hearing, following the Court's vacation of the hearing, Rule 5(d)(1) governs the relevant district court record. The discovery documents filed after the Court entered judgment were clearly not used in the proceeding, were filed in error, and will be stricken from the record.

With regard to Respondents' motion to strike the Bindelglas materials, Petitioner argues that Respondents' motion is untimely. While technically true, *see* LRCiv 7.2(g), at the time the Court permitted Petitioner to file the Bindelglas materials the evidentiary hearing had not yet been vacated and there would have been no reasoned basis to object to the filing of the materials in the place of the unavailable Dr. Bindelglas testifying at the hearing.

1 Moreover, the Bindelglas materials were not considered by the court in its decision to vacate
2 the evidentiary hearing and enter judgment against Petitioner. Rather, the Court determined
3 that an evidentiary hearing was unnecessary because under *Pinholster* the Court's review of
4 Petitioner's ineffectiveness claim was limited to the state court record. And after considering
5 that record, the Court concluded that the state court's resolution of the claim was not
6 objectively unreasonable under 28 U.S.C. § 2254(d). If on appeal the Ninth Circuit
7 concludes otherwise, Petitioner will again have an opportunity to present his new evidence
8 at an evidentiary hearing. However, because the Bindelglas materials were not used in this
9 proceeding and are discovery documents, the Court will order that they be stricken from the
10 record.

11 Accordingly,

12 **IT IS HEREBY ORDERED** granting Respondents' motion for reconsideration.
13 (Doc. 139.) The Clerk of Court shall strike from the district court record all of the exhibits
14 filed under Document 136, Exhibit A thru J, and Exhibit K, filed under Document 140.

15 **IT IS FURTHER ORDERED** that the Clerk of Court strike from the district court
16 record all of the exhibits filed under Document 118, Exhibits A-G, Exhibit I filed under
17 Document 123, and Exhibit H, filed under Document 133.

18 DATED this 17th day of October, 2011.

_____
G. Murray Snow
United States District Judge